# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

DEON ROOP, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-16-413-SPS
 )
KANSAS CITY SOUTHER RAILWAY )
COMPANY, )
 )
       Defendant. )

## OPINION AND ORDER GRANTING
## DEFENDANT KANSAS CITY RAILWAY
## COMPANY'S MOTION TO ENFORCE SETTLEMENT

The Plaintiff Deon Roop brought suit against the Defendant Kansas City Railway Company ("KCS") seeking damages under 49 U.S.C. § 20109, upon allegations that KCS retaliated against him for engaging in activities protected by the Federal Railroad Safety Act ("FRSA"). The parties participated in a court-ordered settlement conference before Judge Kimberly E. West on August 14, 2017, but failed to reach a settlement agreement at that time. *See* Docket No. 41. The parties thereafter did reach a preliminary agreement through the efforts of Judge West, but a dispute arose as to the terms of the agreement. KCS filed a Motion to Enforce Settlement and for an Order Awarding Fees and Expenses [Docket No. 71], which the Court set for hearing on November 8, 2017. *See, e.g., United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) ("[T]he majority of our sister circuits agree that where material facts concerning the existence of terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing.") [collecting

cases]. As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

Counsel for the respective parties clarified the issues at the hearing on November 8, 2017. The parties were unable to settle the case at the settlement conference because of a demand by Roop (terminated by KCS for disciplinary reasons) to be reinstated with back pay. This issue was later resolved through arbitration, *i. e.*, the Public Law Board ordered Roop reinstated without back pay, and counsel for the parties thereupon resumed settlement discussions. They exchanged a number of offers and counteroffers through Judge West between November 1 and November 6, on which date KCS accepted Roop's final counteroffer of $100,000.00. A dispute thereafter arose as to whether the agreement included expungement of Roop's disciplinary record; counsel for KCS noted that this was never discussed and therefore contended that it was not part of the settlement agreement. Counsel for Roop conceded there was no explicit discussion of expungement but noted it was a customary implicit term such as confidentiality (which was likewise not discussed explicitly) and therefore contended that it *was* part of the settlement agreement.

Judge West confirmed much of the foregoing at the hearing. She testified that the "stumbling block" to resolving the case at settlement conference was Roop's demand for reinstatement with back pay. She did not recall discussing the expungement of Roop's disciplinary (during the settlement conference or the telephone conversations thereafter), and her notes do not reflect that there was any such discussion. When she learned that Roop had obtained reinstatement through arbitration (albeit without back pay), she called his attorney in an attempt to restart settlement discussions as to the remaining issue of

damages. Counsel made a monetary demand, which Judge West relayed to counsel for KCS. They attorneys exchanged monetary offers through Judge West over the next few days, and on November 6, 2017, counsel indicated that Roop's bottom-dollar offer was $100,000.00 and that he would not "stair step" down any further. Judge West relayed this offer to opposing counsel, who accepted on behalf of KCS. When Judge West called Roop's attorney to confirm the settlement, he indicated for the first time that settlement would have to include expungement of Roop's disciplinary record. Counsel for KCS also advised Judge West that expungement had become an issue. When asked about this at hearing, Judge West testified that she believed there was an offer by Roop, accepted by KCSR, to settle for $100,000.00, and the resulting settlement agreement did not include the expungement of discipline or any other such implicit terms, such as confidentiality or waiver, none of which were discussed prior to acceptance of Roop's offer by KCS.

The Court finds that Roop's offer to settle the case for $100,000.00 was accepted by KCS, and that an enforceable settlement agreement was therefore reached on those terms and no others. The settlement agreement does not include expungement of Roop's disciplinary record, confidentiality or any other implicit terms not discussed prior to KCS' acceptance of the offer. The Defendant Kansas City Southern Railway Company's Motion to Enforce Settlement and for an Order Awarding Fees and Expenses [Docket No. 71] is accordingly hereby GRANTED to that extent. Upon payment by KCS of the $100,000.00 settlement amount, the Court shall dismiss this case WITH PREJUDICE.

KCS has also sought an award of its costs, including attorneys' fees, incurred in seeking enforcement of the settlement agreement. Such an award is discretionary with

the Court, and the Court finds that its discretion would be best exercised by denying such request. *See Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1256-1257 (10th Cir. 2015). The Defendant Kansas City Southern Railway Company's Motion to Enforce Settlement and for an Order Awarding Fees and Expenses [Docket No. 71] is accordingly hereby DENIED to that extent.

IT IS SO ORDERED this 30th day of November, 2017.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma